IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID HASKELL GREEN                                                                                      PLAINTIFF

v.                                       Case No. 6:24-cv-6135

DR. GUY HENRY; RN SHIRLEY CHAMPON
(Director of Nursing); RN DARREL BASSHAM
(H.S.A. Rep.)                                                                                              DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. ECF No. 13. Judge Ford recommends that all of Plaintiff's claims against Defendant be dismissed with prejudice. Judge Ford explains that the Defendants are all employees of Wellpath, LLC ("Wellpath") which recently declared bankruptcy.[1] and that the bankruptcy court confirmed a Plan of Reorganization ("Plan") in May 2025. Judge Ford then notes that part of that Plan required Plaintiff to opt-out of the third-party releases in the Plan to sustain his claims against Defendants as Wellpath employees. Further noting that Plaintiff did not provide proof or explanation of any such opt-out when directed (ECF Nos. 11 & 12) and that he is not listed as one of the pro se parties in the case in which all pro se filings against third parties are now docketed[2], Judge Ford determines that Plaintiff has failed to show that he has opted out of the third-party releases and thus his claims against these Defendants should be dismissed with prejudice.

Plaintiff filed a timely objection. ECF No. 14. However, Plaintiff does not address his failure to opt out of the third-party release for Wellpath employees. Rather, he focuses on his belief that the initial stay of this matter because of Wellpath's bankruptcy proceedings was in error

---

[1] *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tx.).
[2] *Wellpath SF Holdco, LLC*, Case No. 24-90566 (ARP).

and that Wellpath's policies should be held to account for their alleged role in denying him medical care while detained in the Ouachita Country River Unit of the Arkansas Division of Correction. Without a specific objection to Judge Ford's analysis, the Court need only review the R&R for clear error. *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990) (noting that a specific objection is necessary to require a de novo review of a magistrate's recommendation instead of a review for clear error).

Upon review, finding no clear error on the face of the record and that Judge Ford's reasoning is sound, the Court adopts the R&R (ECF No. 13) in toto. Accordingly, Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of January, 2026.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge